**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOHN EDWARD PARKER,**

    **Plaintiff,**

vs.                                                                                  Case No. 4:13cv519-MW/CAS

**CRYSTAL ALDAY, et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding pro se, has filed a third amended civil rights complaint under 42 U.S.C. § 1983. Doc. 17. Plaintiff has been provided several opportunities to submit a viable complaint, and has been informed that he must state "clear and direct factual allegations, not conclusory assertions that his rights were violated." *See* doc. 12 at 4; doc. 16 at 4. Furthermore, because Plaintiff has previously had two cases dismissed which count as "strikes" under § 1915, (case numbers 4:98cv69 and 4:06cv82), Plaintiff was warned to "give careful consideration to the merits of his claim(s)." Doc. 12 at 4; doc. 16 at 4. At this point, no further opportunities should be provided to Plaintiff to submit another amended complaint and, because the third amended complaint fails to state a claim, it is recommended that this case be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff contends that Defendant Alday violated his rights on August 22, 2012, when she transferred Plaintiff.  Plaintiff makes the conclusory assertion that Defendant Alday retaliated against him, but Plaintiff provides no facts which would support such a claim.  Plaintiff does not allege that he had filed grievances which caused the alleged retaliatory transfer, or provide any other facts which suggest why Defendant Alday sought to "retaliate" against Plaintiff.  This is an unsupported conclusion and is insufficient to state a claim.

Similarly, Plaintiff alleged that Defendant Seashols also transferred Plaintiff on December 8, 2009.  Doc. 17 at 9.  Plaintiff contends that this transfer violated his "rights through a series of threats."  *Id.*  Assuming that Plaintiff intended to allege that this transfer was also due to retaliation or as punishment, Plaintiff still provides no facts which explain how this transfer was retaliatory.

It is well established that a prisoner's constitutional rights are violated if adverse action is taken against him in retaliation for the exercise of his First Amendment rights.  Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003); Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); Wright v. Newsome, 795 F.2d 964 968 (11th Cir. 1986); Adams v. James, 784 F.2d 1077, 1080 (11th Cir. 1986).  Yet crucial to this claim is a showing by a prisoner that a prison official's actions were the result of his having filed a grievance.  Farrow, 320 F.3d at 1248.  To present a claim for retaliation in violation of the First Amendment, Plaintiff must allege (1) that he engaged in protected First Amendment activity, (2) suffered an adverse action because of that activity, and (3) show a causal connection between the two.  Smith v. Florida Dep't of Corr., 713 F.3d 1059, 1063 (11th Cir. 2013); *see also* Curtis v. Pandit, No. 5:04cv387-RH/WCS, 2006

WL 4093764 (N.D. Fla. Dec. 20, 2006).  Plaintiff has not shown or alleged that he engaged in protected First Amendment activity, he has not alleged that either named Defendant was aware of any lawsuits or grievances Plaintiff may have filed, and Plaintiff has not shown a causal connection between any Defendant's directive that Plaintiff be transferred and his First Amendment activities. Pate v. Peel, 256 F.Supp.2d 1326, 1336-43 (N.D. Fla. 2003).  Because the allegations are insufficient to state a claim, it is recommended that this case be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, doc. 17, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 28, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**